892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ned BEGAY, Defendant-Appellant.
 No. 89-10022.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1989.*
Decided Dec. 22, 1989.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ned Begay appeals his conviction and sentence for involuntary vehicular manslaughter on an Indian reservation. We affirm the district court.
 
 
 3
 Substantial evidence was presented that Begay had been drinking heavily before he drove his pickup truck forward, when he should have gone backwards, with the result that he ran over and killed a man standing in front of the truck. Begay immediately left the scene of the accident without inquiring into the condition of his victim. He was found in an intoxicated condition at his home.
 
 
 4
 Begay challenges two instructions given the jury. The first was as follows:
 
 
 5
 The intentional flight of a defendant immediately after the commission of a crime is not, of course, sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other evidence in the case in determining guilt or innocence. Whether or not evidence of flight shows that consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within your province.
 
 
 6
 In your consideration of any evidence of flight you should consider that there may be reasons for this which are fully consistent with innocence. These may include fear of being apprehended, unwillingness to confront the police or reluctance to appear as a witness. A feeling of guilt does not necessarily reflect actual guilt.
 
 
 7
 You must always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.
 
 
 8
 The flight instruction was neither misleading nor inadequate. It did not comment on the probative value of this evidence. It acknowledged that Begay's motive might have been innocent. The giving of this instruction was not an abuse of discretion. See United States v. Feldman, 788 F.2d 544, 555 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987); United States v. Hernandez-Miranda, 601 F.2d 1104, 1107 (9th Cir.1979).
 
 
 9
 Begay also challenges the following instruction.
 
 
 10
 There is evidence in this case tending to show that the defendant may have been intoxicated prior to and at the time of the alleged commission of the offense with which he is charged. Intoxication may be used to rebut evidence of specific intent where the crime charged is one requiring a specific intent to commit the crime. In this case, however, the crime charged does not require specific intent. Therefore, no act committed by the defendant while in a state of voluntary intoxication, if you so find, shall be deemed less criminal by reason of his having been in such condition.
 
 
 11
 Begay contends that the instruction relieved the government of its burden of proving beyond a reasonable doubt the element of gross negligence. This argument is without merit. The jury was instructed on the government's burden as to each essential element of involuntary manslaughter. These elements included gross negligence and knowledge of circumstances that made it reasonably foreseeable to Begay that his acts might imperil the lives of others. There was no abuse of discretion in giving this instruction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3